## In re Road in Susquehanna Township

*Marshall R. Anspach,* for exceptants.
*George E. Sands,* contra.

GREEVY, J., October 30, 1954.—On December 19, 1953, a petition was presented to the Board of Road Supervisors of Susquehanna Township, requesting that 1,030 feet of First Avenue, Nisbet Heights addition, be accepted by the township as a public street. The board failed to act on the petition and on March 26, 1954, George K. Shortess et ux., et al., presented their petition to this court for the appointment of viewers.

Viewers were appointed on March 26, 1954, to view the premises and to open and lay out streets known as First Avenue, Second Avenue, Hine Street and a portion of Third Avenue.

On June 1, 1953, the viewers filed their report recommending:

"1. That First Avenue in Nisbet Heights addition, be opened as a public road as it now exists within the dedicated area as shown on the plan attached to petitioner's exhibit which is made a part hereof by reference, the center line of said road beginning at its intersection with Pennsylvania State Highway Route 654 and running westerly a distance of approximately 1,030 feet to its intersection with the center line of Hine Street.

"2. That Second Avenue in Nisbet Heights addition be opened as a public road as it now exists within the dedicated area as shown on the plan attached to petitioner's exhibit which is made a part hereof by reference, the center line of said road beginning at its intersection with Pennsylvania State Highway Route 654 and running westerly a distance of approximately 675 feet to its intersection, with the center line of Hine Street.

"3. That Hine Street in Nisbet Heights addition be opened as a public road as it now exists within the dedicated area as shown on the plan attached to petitioner's exhibit which is made a part hereof by reference, the center line of said road beginning at its intersection

with the center line of First Avenue, and running southerly a distance of approximately 835 feet to its intersection with the center line of Third Avenue where Third Avenue extends westward from Hine Street.

"4. That Third Avenue in Nisbet Heights addition be opened as a public road as it is shown on the plan attached to petitioner's exhibit which is made a part hereof by reference, the center line of said road beginning at its intersection with the center line of Hine Street and running westerly a distance of approximately 425 feet to its intersection with the center line of the road leading to Nisbet.

"5. That said First Avenue, Second Avenue, Hine Street and that portion of Third Avenue included herein, be of the width of thirty-five feet."

On June 30, 1954, the supervisors filed exceptions to the report as follows:

"1. That the viewers in their report filed erred in finding as a fact that any avenue, street, or bridge was dedicated to the public on July 10, 1935, or any other date.

"2. That the viewers, in their report filed, erred in finding that the portion of Third Avenue from Hine Street to the Nisbet Road was previously used continuously by the general public for over 21 years.

"3. That the viewers, in their report filed, erred in finding that the streets, avenues as so described are 'necessary for Public Roads'.

"4. That the viewers, in their report filed, erred in not finding as a fact that maintenance of the street, avenues and bridge would be burdensome.

"5. That the viewers, in their report filed, erred in not recommending dismissal of the petition and amendment thereto."

These exceptions cannot be sustained for the reason that the findings of fact and conclusions by a board

of viewers are not reviewable by a court upon exceptions. If any party in interest is not satisfied with the findings of fact and conclusions of the viewers, their remedy is to appeal to the court of common pleas where the cause will be tried before a jury de novo.

Exceptions are taken for the purpose of objecting to some error in the procedure followed or because of a question of law which may properly be disposed of preliminarily by the court. Since the matters considered on exception to the viewers' report and on appeal to the common pleas jury are different, there is nothing to prevent the filing of exceptions and the taking of an appeal at the same time.

Proponents' attorney, in his brief, as well as in argument before the court, sets forth the additional reason that the court was without jurisdiction to appoint viewers as to any street other than First Avenue, for the reason that the original petition of the supervisors covered only First Avenue.

The procedure to lay out a road wholly within a township of the second class, as in the case before us, is governed by the Act of July 10, 1947, P. L. 1481, sec. 15, as amended July 20, 1953, P. L. 511, sec. 1, 53 PS §19093-1101. This section provides:

"The township supervisors may by ordinance enact, ordain, survey, lay out, open, widen, straighten, vacate and relay all roads and parts thereof which are wholly within the township, upon the petition of a majority in interest of the owners of property or properties through whose land such road passes, or upon whose land it abuts, or without petition of the owners of abutting property, if in the judgment of the supervisors, it is necessary for the public convenience. . . . When any petition is presented to the township supervisors under the provisions of this section and the supervisors fail to act on the petition within sixty (60) days, the petitioners may present their petition

to the court of quarter sessions which shall proceed thereon as provided by the general road law."

Section 49 of the same act provides:

· "It is the intention that this Act shall furnish a complete and exclusive system for the government and regulation of townships", except as to certain matters not here relevant.

Under this act jurisdiction to lay out a township road has been transferred from the court of quarter sessions to the township supervisors and we no longer have the power, in the first instance, to act upon a petition for the appointment of viewers. As a prerequisite it is necessary that a petition be presented to township supervisors and then if the supervisors fail to act within 60 days, a petition may be presented to the court of quarter sessions who will then have the power to proceed thereon. This was not done in the case before us for Second Avenue, Hine Street and the portion of Third Avenue. Therefore, we had no jurisdiction to appoint viewers to determine the propriety of laying out and the making public of these streets. See In re Road in Milford Township, 78 D. & C. 79.

In accordance with the foregoing, the court makes the following

### Order

And now, October 30, 1954, it is ordered, adjudged and decreed, that the exceptions as to First Avenue, Nisbet Heights addition, Susquehanna Township, are hereby dismissed and the findings of fact and recommendations of the board of viewers as to First Avenue are hereby approved and confirmed absolutely; recommendation no. 1, "That First Avenue in Nisbet Heights addition, be opened as a public road as it now exists within the dedicated area as shown on the plan attached to petitioner's exhibit which is made a part hereof by reference, the center line of said road beginning at its intersection with Pennsylvania State High-

way Route 654 and running westerly a distance of approximately 1,030 feet to its intersection with the center line of Hine Street," and part of recommendation no. 5, "That said First Avenue . . . be of the width of 35 feet", are hereby approved and confirmed absolutely.

The objections as to the lack of jurisdiction as to the other streets are hereby sustained and the viewers' return as to Second Avenue, Hine Street and that portion of Third Avenue, Nisbet Heights addition, Susquehanna Township, is hereby set aside and the order of this court heretofore made appointing a board of viewers as to these streets is vacated.